UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED KRISTOPHER RYSEDORPH,<br><br>Plaintiff,<br><br>v.<br><br>BINI JOHN,<br><br>Defendant. | Case No. 1:24-cv-00725-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS BARRED BY *RES JUDICATA*<br><br>(ECF NO. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiff Jared Kristopher Rysedorph is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights case filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the complaint commencing this action on June 14, 2024. (ECF No. 1). Plaintiff alleges that Defendant Bini John failed to order him a gluten-free diet to address Plaintiff's celiac disease.

However, it appears that Plaintiff already asserted this claim against this Defendant in the case of Rysedorph v. John, 1:23-cv-00251-KES-BAM, and the Court in that case dismissed that claim for failure to state a claim.

Accordingly, Plaintiff is ordered to show cause why his case pending in this court should not be dismissed based on the doctrine of *res judicata* and/or collateral estoppel.

\\\

\\\

\\\

1

### I. RES JUDICATA

#### a. Legal Standards

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.' Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim. By preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (alterations in original) (footnote omitted) (citations and internal quotation marks omitted).

"The elements necessary to establish [claim preclusion] are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[T]he doctrine of res judicata (or claim preclusion) 'bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action.'" Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting Ross v. IBEW, 634 F.2d 453, 457 (9th Cir. 1980)).

"[C]ollateral estoppel [(issue preclusion)] applies to preclude an issue adjudicated in an earlier proceeding if: (1) the issue was necessarily decided at the previous proceeding and is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." Granite Rock Co. v. Int'l Bhd. of Teamsters, Freight, Constr., Gen. Drivers, Warehousemen & Helpers, Local 287 (AFL-CIO),

649 F.3d 1067, 1070 (9th Cir. 2011) (citing Reyn's Pasta Bella, LLC v. Visa USA, Inc. 442 F.3d 741, 746 (9th Cir. 2006)).

### b. Allegations in current complaint

In the complaint pending in this case ("John II"), Plaintiff names Bini John, a nurse practitioner/primary care physician, at North Kern State Prison. He asserts a claim for cruel and unusual punishment—deliberate indifference to serious medical needs. He alleges that he had suffered from celiac disease diagnosed since childhood, and thus has a medical need for a gluten-free diet.

On May 4, 2022, Plaintiff was transferred to North Kern State Prison, a Reception Center for the CDCR. Immediately upon arrival at North Kern State Prison, Plaintiff informed medical staff that he has celiac disease and was prescribed a gluten-free diet while housed in the county jail. Nevertheless, he continued to receive regular gluten-containing meals.

After submitting a request for Health Care Services, on May 18, 2022, Defendant Bini John, who was the attending physician responsible for the healthcare of inmates at North Kern, interviewed Plaintiff. During this appointment, Plaintiff informed John that he had been diagnosed with celiac disease by a licensed physician, and that he has been maintaining a gluten-free diet as prescribed by his physician. Plaintiff told John he needed a gluten-free diet.

Defendant John had access to medical records identifying his previously positive results for celiac disease. Under CDCR policy, as a primary care physician, John was responsible for ordering medically necessary therapeutic diets. Defendant John recorded Plaintiff's history of celiac disease, ordered an antibody test, and scheduled a follow-up appointment two months in the future to review the results. Defendant John did not order the Plaintiff's medically necessary therapeutic diet or refer the Plaintiff for dietary consultation.

On May 25, 2020, the antibody test ordered by John came back negative for antibodies specific to celiac disease. However, according to the Celiac Disease Foundation, a person must be on a gluten-containing diet for antibody testing to be accurate. Since the Plaintiff was on a gluten-free diet, the result was inaccurate.

As a result, Plaintiff had no choice but to start eating gluten-containing foods due to Defendant John's failure to order his prescribed gluten-free diet. Plaintiff began to experience negative health effects from this diet.

### c. Previous case

In the previous case, Rysedorph v. John, 1:23-cv-00251-KES-BAM ("John I"), Plaintiff filed a complaint against John and several other defendants alleging a claim for deliberate indifference to serious medical needs as well as other claims. Plaintiff similarly claimed that John, as well as other defendants, failed to order him gluten-free meals despite his celiac disease.

After several amendments to the complaint, the Magistrate Judge issued Findings and Recommendation to, in part, dismiss the claims against Defendant Bini. (John I, ECF No. 30). In that order, the Court summarized the allegations against John as follows:

> Plaintiff is currently housed at California Health Care Facility. Plaintiff alleges the events in the complaint occurred while housed at California Substance Abuse and Treatment Facility ("SATF") and North Kern State Prison ("NKSP"). Plaintiff names as defendants: (1) Bini John, Nurse Practitioner at NKSP, (2) Randy Le, registered dietitian, SATF, (3) Anu Banerjee, Chief Executive Officer, SATF, (4) D. O'Donaughy, Correctional Food Manager, SATF.
>
> Plaintiff alleges that he has been diagnosed since childhood with Celiac Disease. Exposure to gluten causes damage to the gastrointestinal tract, central nervous system, and other organs. Gluten is found in grains, wheat, barley, which patients with Celiac Disease must avoid. The Celiac Foundation states that untreated Celiac Disease can lead to autoimmune disorder and other conditions.
>
> On 1/29/2020, Plaintiff was incarcerated in San Diego County Sherriff's Department. Plaintiff had been maintaining a gluten free diet since his diagnosis in 2011. All meals provided contained gluten. Medical staff at San Diego County jail administered an antibody test to Plaintiff which came back positive for Celiac Disease. Plaintiff was then prescribed a gluten free diet and was given that diet for the entirety of his custody there.
>
> On February 14, 2022, Plaintiff was sentenced to state prison. On 5/4/22, Plaintiff was transferred to North Kern State Prison, and he told medical staff that he has Celiac Disease and needs a gluten free diet. Three days later, Plaintiff continued to receive regular gluten containing meals.

> On 5/7/22, Plaintiff submitted a 7362 health care service request form. Plaintiff states that he needed a special diet because he has Celiac Disease and cannot eat gluten. Plaintiff asked for an appointment with a dietitian.
>
> On 5/18/22, Defendant Bini John, the attending physician responsible for health care of inmates, interviewed Plaintiff. Plaintiff told Bini John that Plaintiff had previously been diagnosed with Celiac Disease by a physician and had been prescribed a gluten free diet while in custody at San Diego. Bini John had the medical records from San Diego Sheriff's department which identified Plaintiff as having Celiac Disease and contained the positive results for the Celiac Disease antibody test while housed in San Diego.
>
> Bini John, as the primary care physician, was responsible for ordering medically necessary therapeutic diets, ensuring continuity of care by ordering necessary treatment and referring Plaintiff to a registered dietitian for dietary consultation. Defendant Bini John recorded Plaintiff's history of Celiac Disease and advised Plaintiff to avoid gluten food. He ordered an antibody test and scheduled an appointment for 60 days later. He did not order Plaintiff's medically necessary diet or refer Plaintiff for a dietary consultation. Plaintiff avoided gluten food and attempted to trade gluten containing foods for nuts and seeds.
>
> On 5/25/2020, the antibody test ordered by Bini John came back negative for antibodies for Celiac Disease. According to the Celiac Disease foundation, a person must be on a gluten containing diet for antibody testing to be accurate. Since Plaintiff was not on a gluten containing diet, the negative result was inaccurate.
>
> Plaintiff had no choice but to start eating gluten food due to John's failure to order Plaintiff a prescribed diet. Plaintiff immediately experienced severe abdominal pain, diarrhea, and headaches. Plaintiff submitted a 602 form expressing concern that the test ordered by John was not the right test.
> On 6/8/2022, a registered nurse interviewed Plaintiff regarding his 602. Plaintiff said he had been diagnosed with Celiac Disease and was prescribed a gluten free diet while in custody in San Diego Sheriff department. The nurse told Plaintiff that the negative result of the antibody test meant that Plaintiff does not have Celiac Disease. Plaintiff said he thought the test was inaccurate.

Rysedorph v. John 2023 WL 9050957, at *1–2 (E.D. Cal., Dec. 29, 2023, No. 1:23-CV-00251 NODJ-BAM-PC), report and recommendation adopted (E.D. Cal., Feb. 12, 2024, 2024 WL 557622) (footnote omitted).

Although the Court allowed certain claims against other defendants to proceed, it recommended dismissal of Plaintiff's claims against Defendant John for the following reasons:

5

> Bini John
>
> Plaintiff fails to state a cognizable claim against Bini John. Plaintiff failed to allege facts that Bini John subjectively "knows of and disregards an excessive risk to inmate health and safety." Defendant Bini John recorded Plaintiff's history of Celiac Disease, advised Plaintiff to avoid gluten food, and ordered an antibody test. Bini John did not disregard an excessive risk to Plaintiff in Bini John's actions in his assessment and ordering an antibody test. The test came back negative for Celiac Disease a few days later on 5/25/2020. Plaintiff complains that Bini John did not order Plaintiff's medically necessary diet or refer Plaintiff for a dietary consultation or use the appropriate test to test for Celiac Disease. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Bini John provided care to Plaintiff, even if that care was not effective. Regardless, this claim is improperly joined with claims arising at SATF.

Id. at *7.

On February 12, 2024, the District Judge adopted the Findings and Recommendations, and dismissed Plaintiff's claims against Defendant John for failure to state a claim.  (John I, ECF No. 31) ("The findings and recommendations issued on December 29, 2023, (ECF No. 30), are adopted in full; This action shall proceed on Plaintiff's second amended complaint, filed November 16, 2023, (ECF No. 28), against Defendants Le and Banerjee for deliberate indifference to the need for medical care in violation of the Eight Amendment; . . .All other claims and defendants are dismissed from this action for failure to state claims upon which relief may be granted.").

          d.   Analysis

It thus appears that Plaintiff's claim in this case against Defendant John are barred by the doctrine of *res judicata*.  Plaintiff is asserting the same claims in this case as in the prior case.  As to Defendant John, there was a final judgment on the merits, finding that Plaintiff's allegations do not state a cognizable claim.  Moreover, the parties are identical in both cases.

\\\
\\\

## II. CONCLUSION AND ORDER

Accordingly, it appears from the face of the complaint that the claims in this case are barred by *res judicata* because Plaintiff previously brought a case based on identical allegations against the same defendant, and the previous Court dismissed Plaintiff's claim for failure to state a cognizable claim.

Accordingly, **IT IS ORDERED** that Plaintiff has thirty days from the date of this order to show cause why this case should not be dismissed as barred by *res judicata*. Alternatively, if Plaintiff believes that this case is barred by *res judicata*, Plaintiff may file a notice of voluntarily dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).

If Plaintiff fails to file a response, this Court will recommend to an assigned district judge that this case be dismissed.

IT IS SO ORDERED.

Dated: **July 1, 2024**              /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE