UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED KRISTOPHER RYSEDORPH,<br><br>Plaintiff,<br><br>v.<br><br>BINI JOHN,<br><br>Defendant. | Case No. 1:24-cv-00725-EPG (PC)<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE<br><br>AND<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION AS DUPLICATIVE<br><br>(ECF NO. 1)<br><br>OBJECTIONS, IF ANY,<br>DUE WITHIN THIRTY DAYS |

Plaintiff Jared Kristopher Rysedorph is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Bini John failed to order him a gluten-free diet to address Plaintiff's celiac disease. Plaintiff previously asserted this claim against this Defendant in the case of *Rysedorph v. John*, 1:23-cv-00251-KES-BAM (E.D. Cal.), and the Court in that case dismissed that claim and defendant for failure to state a claim. *Rysedorph v. John*, No. 1:23-cv-00251-NODJ-BAM PC, 2023 WL 9050957, at *7 (E.D. Cal. Dec. 29, 2023), *report and recommendation adopted*, 2024 WL 557622 (E.D. Cal. Feb. 12, 2024). For the reasons stated below, the Court recommends that this case be dismissed as duplicative.

1

# I. BACKGROUND

## A. Allegations in current complaint

Plaintiff filed the complaint commencing this action ("*John II*") on June 14, 2024. (ECF No. 1). Plaintiff names as a defendant Bini John, a nurse practitioner/primary care physician, at North Kern State Prison. He asserts a claim for cruel and unusual punishment: deliberate indifference to serious medical needs. Plaintiff alleges that he had suffered from celiac disease diagnosed since childhood, and thus has a medical need for a gluten-free diet.

On May 4, 2022, Plaintiff was transferred to North Kern State Prison, a Reception Center for the CDCR. Immediately upon arrival at North Kern State Prison, Plaintiff informed medical staff that he has celiac disease and was prescribed a gluten-free diet while housed in the county jail. Nevertheless, he continued to receive regular gluten-containing meals.

After submitting a request for Health Care Services, on May 18, 2022, Defendant Bini John, who was the attending physician responsible for the healthcare of inmates at North Kern, interviewed Plaintiff. During this appointment, Plaintiff informed John that he had been diagnosed with celiac disease by a licensed physician, and that he has been maintaining a gluten-free diet as prescribed by his physician. Plaintiff told John he needed a gluten-free diet.

Defendant John had access to medical records identifying his previously positive results for celiac disease. Under CDCR policy, as a primary care physician, John was responsible for ordering medically necessary therapeutic diets. Defendant John recorded Plaintiff's history of celiac disease, ordered an antibody test, and scheduled a follow-up appointment two months in the future to review the results. Defendant John did not order the Plaintiff's medically necessary therapeutic diet or refer the Plaintiff for dietary consultation.

On May 25, 2020, the antibody test ordered by John came back negative for antibodies specific to celiac disease. However, according to the Celiac Disease Foundation, a person must be on a gluten-containing diet for antibody testing to be accurate. Since the Plaintiff was on a gluten-free diet, the result was inaccurate.

As a result, Plaintiff had no choice but to start eating gluten-containing foods due to Defendant John's failure to order his prescribed gluten-free diet. Plaintiff began to experience negative health effects from this diet.

### B.    Earlier-filed case

Prior to filing the instant action, Plaintiff commenced another suit against John and several other defendants alleging a claim for deliberate indifference to serious medical needs as well as other claims. *Rysedorph v. John*, 1:23-cv-00251-KES-BAM ("*John I*") (E.D. Cal. Feb. 21, 2023). As in this suit, Plaintiff similarly claimed that John, as well as other defendants, failed to order him gluten-free meals despite his celiac disease.

After several amendments to the complaint, the Magistrate Judge presiding over the earlier filed case issued Findings and Recommendation to, in part, dismiss the claims against Defendant Bini. (*John I*, ECF No. 30). In that order, the Court summarized the allegations against John as follows:

> Plaintiff is currently housed at California Health Care Facility. Plaintiff alleges the events in the complaint occurred while housed at California Substance Abuse and Treatment Facility ("SATF") and North Kern State Prison ("NKSP"). Plaintiff names as defendants: (1) Bini John, Nurse Practitioner at NKSP, (2) Randy Le, registered dietitian, SATF, (3) Anu Banerjee, Chief Executive Officer, SATF, (4) D. O'Donaughy, Correctional Food Manager, SATF.
>
> Plaintiff alleges that he has been diagnosed since childhood with Celiac Disease. Exposure to gluten causes damage to the gastrointestinal tract, central nervous system, and other organs. Gluten is found in grains, wheat, barley, which patients with Celiac Disease must avoid. The Celiac Foundation states that untreated Celiac Disease can lead to autoimmune disorder and other conditions.
>
> On 1/29/2020, Plaintiff was incarcerated in San Diego County Sherriff's Department. Plaintiff had been maintaining a gluten free diet since his diagnosis in 2011. All meals provided contained gluten. Medical staff at San Diego County jail administered an antibody test to Plaintiff which came back positive for Celiac Disease. Plaintiff was then prescribed a gluten free diet and was given that diet for the entirety of his custody there.
>
> On February 14, 2022, Plaintiff was sentenced to state prison. On 5/4/22, Plaintiff was transferred to North Kern State Prison, and he told medical

staff that he has Celiac Disease and needs a gluten free diet. Three days later, Plaintiff continued to receive regular gluten containing meals.

On 5/7/22, Plaintiff submitted a 7362 health care service request form. Plaintiff states that he needed a special diet because he has Celiac Disease and cannot eat gluten. Plaintiff asked for an appointment with a dietitian.

On 5/18/22, Defendant Bini John, the attending physician responsible for health care of inmates, interviewed Plaintiff. Plaintiff told Bini John that Plaintiff had previously been diagnosed with Celiac Disease by a physician and had been prescribed a gluten free diet while in custody at San Diego. Bini John had the medical records from San Diego Sheriff's department which identified Plaintiff as having Celiac Disease and contained the positive results for the Celiac Disease antibody test while housed in San Diego.

Bini John, as the primary care physician, was responsible for ordering medically necessary therapeutic diets, ensuring continuity of care by ordering necessary treatment and referring Plaintiff to a registered dietitian for dietary consultation. Defendant Bini John recorded Plaintiff's history of Celiac Disease and advised Plaintiff to avoid gluten food. He ordered an antibody test and scheduled an appointment for 60 days later. He did not order Plaintiff's medically necessary diet or refer Plaintiff for a dietary consultation. Plaintiff avoided gluten food and attempted to trade gluten containing foods for nuts and seeds.

On 5/25/2020, the antibody test ordered by Bini John came back negative for antibodies for Celiac Disease. According to the Celiac Disease foundation, a person must be on a gluten containing diet for antibody testing to be accurate. Since Plaintiff was not on a gluten containing diet, the negative result was inaccurate.

Plaintiff had no choice but to start eating gluten food due to John's failure to order Plaintiff a prescribed diet. Plaintiff immediately experienced severe abdominal pain, diarrhea, and headaches. Plaintiff submitted a 602 form expressing concern that the test ordered by John was not the right test.

On 6/8/2022, a registered nurse interviewed Plaintiff regarding his 602. Plaintiff said he had been diagnosed with Celiac Disease and was prescribed a gluten free diet while in custody in San Diego Sheriff department. The nurse told Plaintiff that the negative result of the antibody test meant that Plaintiff does not have Celiac Disease. Plaintiff said he thought the test was inaccurate.

*Rysedorph v. John*, 2023 WL 9050957, at *1–2 (E.D. Cal., Dec. 29, 2023, No. 1:23-CV-00251 NODJ-BAM-PC), *report and recommendation adopted* (E.D. Cal., Feb. 12, 2024, 2024 WL 557622) (footnote omitted).

4

Although the Court allowed certain claims against other defendants to proceed, it recommended dismissal of Plaintiff's claims against Defendant John for the following reasons:

**Bini John**

Plaintiff fails to state a cognizable claim against Bini John. Plaintiff failed to allege facts that Bini John subjectively "knows of and disregards an excessive risk to inmate health and safety." Defendant Bini John recorded Plaintiff's history of Celiac Disease, advised Plaintiff to avoid gluten food, and ordered an antibody test. Bini John did not disregard an excessive risk to Plaintiff in Bini John's actions in his assessment and ordering an antibody test. The test came back negative for Celiac Disease a few days later on 5/25/2020. Plaintiff complains that Bini John did not order Plaintiff's medically necessary diet or refer Plaintiff for a dietary consultation or use the appropriate test to test for Celiac Disease. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Bini John provided care to Plaintiff, even if that care was not effective. Regardless, this claim is improperly joined with claims arising at SATF.

*John I*, 2023 WL 9050957 at *7.

On February 12, 2024, the District Judge adopted the Findings and Recommendations, and dismissed Plaintiff's claims against Defendant John for failure to state a claim. (*John I*, ECF No. 31) ("The findings and recommendations issued on December 29, 2023, (ECF No. 30), are adopted in full; This action shall proceed on Plaintiff's second amended complaint, filed November 16, 2023, (ECF No. 28), against Defendants Le and Banerjee for deliberate indifference to the need for medical care in violation of the Eight Amendment; . . . All other claims and defendants are dismissed from this action for failure to state claims upon which relief may be granted."). At this time, final judgment in *John I* has not yet been entered.

**C.  Order to Show Cause**

As it appeared that Plaintiff previously brought a case based on identical allegations against the same defendant and that claim was dismissed, the Court ordered Plaintiff to show cause why this case should not be dismissed as barred by doctrines of claim preclusion and issue preclusion. (ECF No. 10). On July 22, 2024, Plaintiff filed his response. (ECF No. 11).

5

## II. LEGAL STANDARDS

The Prison Litigation Reform Act of 1995 (PLRA) requires courts to screen prisoner complaints and dismiss those that are frivolous or malicious, which encompasses duplicative cases where a complaint merely repeats pending or previously litigated claims. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B)(i); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing earlier version of § 1915(e)); *see also Denton v. Hernandez*, 504 U.S. 25, 30 (1992) (recognizing Congress's concern regarding IFP litigants "filing frivolous, malicious, or *repetitive* lawsuits") (emphasis added). "To determine whether a suit is duplicative, we borrow from the test for claim preclusion."[1] *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" *Id.* (second alteration in original) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)).

"Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." *Adams*, 487 F.3d at 689; *see also Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688.

---

[1] The primary difference between dismissing a case as duplicative and dismissing a case under the doctrine of claim preclusion is that a final judgment need *not* have been entered to dismiss a case as duplicative while claim preclusion requires a final judgment on the merits. *Cook v. C.R. England, Inc.*, 2012 WL 2373258, at *3 (C.D. Cal. June 21, 2012). Even though Plaintiff's claim against John has been dismissed, a final judgment in *John I* has not yet been entered. *See Hyan v. Hummer*, 825 F.3d 1043, 1046 (9th Cir. 2016) (an order dismissing some but not all of the defendants is not final) (quoting Fed. R. Civ. P. 54(b)).

6

### III. ANALYSIS

In assessing whether this proceeding is duplicative of *John I,* the Court first examines causes of action. In both cases, Plaintiff alleges that Bini John did not order Plaintiff's medically necessary diet or refer Plaintiff for a dietary consultation or use the appropriate test to test for celiac disease. In comparing these complaints, "it is clear that the . . . actions share a common transaction nucleus of facts." *Adams*, 487 F.3d at 689.

Next, the Court compares the parties and relief sought in both cases. The single defendant in this case, Bini John, is also named in *John I*. Likewise, in both cases, Plaintiff requests relief in the form of monetary damages.

Based on the foregoing, the Court finds that the claims, relief sought, and parties to this action and *John I* are the same. The instant case is therefore duplicative of *John I*. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy." *Adams*, 487 F.3d at 692. Thus, weighing the equities, the Court recommends that this case be dismissed under § 1915(e) because it is duplicative of *John I*, his earlier filed, currently pending case.

In his response to the order to show cause, Plaintiff argues that this claim "could not have been litigated in the earlier action." (ECF No. 11 at 1). In the earlier filed case, in addition to dismissing Plaintiff's claim against John for failure to state a claim, the magistrate judge also added that "[r]egardless, this claim is improperly joined with claims arising at SATF." *John I*, at *7. Plaintiff argues that this statement means that "the dismissal must be interpreted to be based on a lack of subject matter jurisdiction WITHOUT REGARD to the findings of factual deficiency." (ECF No. 11 at 2).

Plaintiff's argument is without merit. First, the dismissal order signed by the district judge states the dismissal was for failure to state a claim: "All other claims and defendants are dismissed from this action for failure to state claims upon which relief may be granted." *John I*, ECF No. 31 at 2. Second, the Court had subject matter jurisdiction over Plaintiff's *John I* because it is a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Improper joinder of a party in a federal question case like *John I*

7

does not deprive the court of jurisdiction. Thus, the Court had jurisdiction to hear Plaintiff's federal claims in *John I* and dismiss it for failure to state a claim.

## IV. CONCLUSION AND ORDER

Accordingly, **IT IS ORDERED** that:

1. The Clerk of Court is directed to assign a district judge to this case.

In addition, **IT IS RECOMMENDED** that:

1. This action be dismissed as duplicative of *Rysedorph v. John*, 1:23-cv-00251-KES-BAM (E.D. Cal. Feb. 21, 2023); and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 20, 2024**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE